IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVON M. IRVINE, | ) Case No. 5:20-cv-2109 |
| | ) |
| Petitioner, | ) JUDGE DAN AARON POLSTER |
| | ) |
| v. | ) |
| | ) |
| MICHAEL PHILLIPS, WARDEN, | ) **OPINION & ORDER** |
| | ) |
| Respondent. | ) |
| | ) |

On April 25, 2022, Magistrate Judge Thomas M. Parker recommended the Court deny Petitioner Davon Irvine's writ of habeas corpus.  ECF Doc. 8.  On May 20, 2022, Irvine filed an objection to Magistrate Judge Parker's report and recommendation ("R&R").  ECF Doc. 10.  Irvine objects to the recommendation on Ground Three.  He contends the admission of expert DNA testimony deprived him of due process and a fair trial.  Because Irvine's objection lacks merit, the Court overrules it and adopts the R&R.

**I.    Background**

The following facts are relevant to Irvine's objection:

A jury convicted Irvine of two counts of kidnapping and three counts of burglary.  ECF Doc. 4-1 at 11.  At trial, the state's expert, Lindsey Nelsen-Rausch, opined on the DNA evidence collected from the crime scene.  She admitted she did not have a DNA standard from Irvine, but opined that it was possible to leave behind too little or no DNA at a crime scene for testing.  ECF Doc. 4-2 at 440.  Irvine objected—arguing that this opinion was outside Ms. Nelsen-Rausch's

expertise. He now contends the opinion was extremely prejudicial and deprived him of his fundamental right to a fair trial.

Magistrate Judge Parker has recommended the Court deny Ground Three as partly non-cognizable, procedurally defaulted and meritless. ECF Doc. 8 at 20-24. The Court has conducted a *de novo* review of Ground Three and adopts Magistrate Judge Parker's recommendation that Ground Three be dismissed as meritless.[1]

II. **Standard of Review**

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See Powell v. United States*, 37 F.3d 1499 (Table), [published in full-text format at 1994 U.S. App. LEXIS 27813] 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to *de novo* review by the district court in light of specific objections filed by any party.") (citations omitted). Local Rule 72.3(b) similarly requires an objecting party to "specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections." "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); see also Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been

---

[1] "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525, 117 S. Ct. 1517, 137 L. Ed. 2d 771 (1997)). It may be more economical for the habeas court to simply review the merits of the petitioner's claims, "for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525.

properly objected to."). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### III. Law & Analysis

In Ground Three, Irvine argues the State Court violated his "Sixth and Fourteenth Amendment rights to Due Process and a Fair Trial by admitting improper expert testimony." ECF Doc. 1 at 9. Upon *de novo* review, the Court agrees with Magistrate Judge Parker that Ground Three lacks merit. Irvine has not shown that Ms. Nelsen-Rausch's opinion was inaccurate or misleading. She conceded she did not have Irvine's DNA standard, but testified it was possible for someone to be present without leaving behind DNA. The Ohio Court of Appeals noted forensic experts "routinely testify that various factors can affect their ability to collect trace evidence." ECF Doc. 4-1 at 157. This Court agrees with the Ohio Court of Appeals that Irvine failed to show Ms. Nelsen-Rausch's testimony was outside of her expertise and/or misled the jury. ECF Doc. 4-1 at 158.

But even if this Court disagreed with the admission of Ms. Nelsen-Rausch's opinion, Irvine has not shown the state court's decision improperly applied or contradicted U.S. Supreme Court precedent. A federal habeas court may not find a state adjudication to be "unreasonable" simply because that court decides, in its own judgment, that the relevant state decision applied federal law incorrectly. *Williams v. Taylor*, 529 U.S. 362, 410-411, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); (noting that it must instead determine if the state court's application of clearly established federal law was "objectively unreasonable").

This Court may only consider "clearly established holdings" of the Supreme Court, * * * in analyzing a petitioner's claim under § 2254. *Williams,* 529 U.S. at 412; *Bailey v. Mitchell*,

3

271 F.3d 652, 655 (6th Cir. 2001). A decision of the state court may only be overturned if: (1) it applies a rule contradicting Supreme Court governing law, (2) it contradicts a set of facts materially indistinguishable from a Supreme Court decision, (3) it unreasonably applies correct Supreme Court precedent to the facts of the case, (4) it unreasonably extends Supreme Court legal principles where it should not apply, or (5) it unreasonably refuses to extend Supreme Court legal principle where it should apply. *Bailey*, 271 F.3d at 655; *see also Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

Here, Irvine cites only general case law regarding state-court evidentiary rulings, most of which does not support his Ground Three claim. ECF Doc. 10 at 5. He has not pointed to any misapplication of Supreme Court precedent supporting his Ground Three habeas claim. In short, Irvine has not shown that the state court misapplied Supreme Court precedent, and he is not entitled to habeas relief. The Court accepts Magistrate Judge Parker's recommendation that Ground Three should be dismissed as meritless.

Upon *de novo* review, the Court finds that Magistrate Judge Parker correctly determined that Ground Three of Irvine's habeas petition lacked merit. For this reason, the Court hereby OVERRULES Irvine's objection, ADOPTS the R&R, and DENIES Irvine's petition for habeas review.

      IT IS SO ORDERED.

Dated: May 24, 2022

                                        *s/Dan Aaron Polster*
                                        United States District Judge